# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL |
| --- | --- | --- |
| v. | : | |
| HAROLD MORTON | : | NO. 01-320 |

## MEMORANDUM OPINION

**Savage, J.**                                                                  **April 24, 2012**

Defendant Harold Morton, who was sentenced for crack cocaine offenses on November 13, 2003, has filed a motion to reduce his sentence pursuant to the Fair Sentencing Act of 2010 ("FSA").[1] The government opposes his motion, contending that the FSA does not apply to him because he was sentenced prior to the effective date of the FSA.

In enacting the FSA, Congress lowered the statutory minimum sentences for certain crack cocaine offenses. The FSA applies to all defendants who were sentenced on or after August 3, 2010. It does not apply to defendants sentenced before that date, whether their cases were on appeal or not. *United States v. Reevey*, 631 F. 3d 110, 115 (3d Cir. 2010). It does apply to defendants convicted before but sentenced after August 3, 2010. *United States v. Dixon*, 648 F. 3d 195, 203 (3d Cir. 2011).

In this case, Morton committed his offenses and was sentenced almost five years before August 3, 2010. Thus, the FSA does not provide relief for Morton from the statutory minimum sentence.

---

[1] This is Morton's second motion to reduce his sentence. His first, filed under § 3582(c)(2) and Amendment 706 of the Sentencing Guidelines, was denied by Judge Fullam on May 19, 2008.

Likewise, Amendment 750 is unavailable to Morton. His sentence was a mandatory minimum sentence that was not affected by Amendment 750. His statutory minimum penalty exceeded the guideline range, becoming the guideline sentence. U.S.S.G. § 5G1.1(b). Therefore, the retroactive guideline amendment cannot be used to reduce his statutory minimum sentence. *United States v. Doe*, 564 F.3d 305, 311-12 (3d Cir. 2009).

Because the FSA does not apply to Morton and Amendment 750 does not affect his statutory minimum sentence, Morton's motion must be denied.